**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

CHANEL SADE FOSTER,

 Defendant - Appellant.

No. 16-3025
(D.C. No. 5:14-CR-40014-DDC-3)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Chanel Foster appeals from the district court's imposition of a twelve-month-and-one-day term of imprisonment following revocation of her supervised release.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

According to Foster, the district court committed plain procedural error by basing the length of her revocation sentence on her need for rehabilitation services. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we agree with Foster. Consequently, we remand to the district court with directions to vacate Foster's revocation sentence and resentence.

I

On October 17, 2014, Foster entered a plea of guilty to passing a counterfeit obligation of the United States, in violation of 18 U.S.C. § 472. The offense arose out of Foster's use of counterfeit money at a local grocery store. She was sentenced to a thirty-six month term of probation and ordered to pay restitution in the amount of $850. As part of her probation, Foster was ordered to comply with various conditions, including that she abstain from alcohol, maintain lawful employment, and undergo substance abuse, mental health and anger management treatment.

On July 16, 2015, Foster's probation was revoked due to her failure to pay the restitution ordered by the district court, abstain from alcohol, work at a lawful occupation, and participate in mental health treatment. She was sentenced to a term of imprisonment of three months, to be followed by a two-year term of supervised release. As part of her supervised release, Foster was again ordered, among other things, to abstain from alcohol and participate in mental health and anger management treatment. She was also ordered to reside at a residential reentry center for the first four months of her term of supervised release.

2

Foster began her term of supervised release on September 17, 2015. On December 28, 2015, she was discharged unsuccessfully from the residential reentry center in which she was living due to her failure to follow rules. In particular, it was noted that she "had numerous incidents with staff members regarding her attitude and behavior," took unauthorized amounts of medication on several occasions, and "failed to provide a breath sample for alcohol testing" on December 20, 2015. ROA, Vol. II at 6. All of which resulted in her being charged with violating the special conditions of her supervised release.

The district court held a revocation hearing on January 13, 2016. After hearing testimony from Foster and her probation officer, the district court found that she had committed a Grade C violation by failing to reside at the residential reentry center for four months, as required by the terms of her supervised release. ROA, Vol. III at 64. The district court in turn decided to revoke Foster's term of supervised release as a result of that violation. Id. at 65. After acknowledging that the Policy Statement outlined in § 7B1.4 of the United States Sentencing Guidelines recommended a term of imprisonment of three to nine months for the violation, ROA, Vol. III at 81, the district court sentenced Foster to a term of imprisonment of twelve months and one day, id. at 82, to be followed by no term of supervised release, id. at 84. The district court explained that it believed a term of imprisonment was necessary to punish Foster "for violating the public trust." Id. at 82. The district court in turn stated that the length of the term of imprisonment it chose was necessary to render Foster "eligible for certain programming while [she was] in

3

custody." Id. Consistent with that statement, the district court recommended to the Bureau of Prisons that it provide Foster with "a mental health assessment and, if appropriate, treatment," as well as "medication monitoring and substance abuse assessment and treatment, if treatment is appropriate." Id. at 83.

Judgment was entered on January 21, 2016. Foster subsequently filed a timely notice of appeal.

II

On appeal, Foster argues that the district court committed plain procedural error by basing the length of her sentence on her need for rehabilitation and mental health and drug treatment. Notably, the government has filed a confession of error, coupled with a motion to remand, agreeing with Foster. Of course, we are not bound to accept the government's confession of error. Young v. United States, 315 U.S. 257, 258-59 (1942) (noting that "our judicial obligations compel us to examine independently the errors confessed"). But, having conducted our own examination of the record, we agree with the parties that the district erred.

Where, as here, a defendant failed to make a specific argument in the district court, "our review is for plain error." United States v. Smith, 815 F.3d 671, 675 (10th Cir. 2016) "We will grant relief under the plain-error standard only if (1) the district court committed an error, (2) the error is clear at the time of the appeal, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

4

The first two prongs of the plain error test are easily satisfied in this case. "For us to characterize a proposition of law as well-settled, we normally require precedent directly in point from the Supreme Court or our circuit or a consensus in the other circuits." Id. In Tapia v. United States, 564 U.S. 319, 332 (2011), the Supreme Court held that the plain language of 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." We in turn have held, in light of Tapia, that "a district court imposing a revocation sentence cannot take into account a defendant's rehabilitative needs." United States v. Mendiola, 696 F.3d 1033, 1036 (10th Cir. 2012).

Unfortunately, that is precisely what occurred in this case. Although the district court reasonably concluded that some term of imprisonment was needed for purposes of punishment, it ultimately selected the twelve-month-and-one-day term of imprisonment in order to render Foster eligible for rehabilitation services provided by the Bureau of Prisons. That, as we held in Mendiola, is improper and amounts to plain procedural error. Id. at 1042.

Further, as was the case in Mendiola, we conclude that the third and fourth prongs of the plain error test are satisfied because it is likely that, had the district court not focused on Foster's need for rehabilitation, it would have imposed a lesser sentence. Id. Consequently, we must remand the case to the district court for resentencing. Id.

5

We GRANT the government's motion to remand, and REVERSE and REMAND to the district court with directions to vacate Foster's revocation sentence and resentence.

Entered for the Court


Mary Beck Briscoe
Circuit Judge